UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GERALD HUGHES,                             :
    Plaintiff,                              :
    v.                                       :     09cv1146 (WWE)
                                           :
CHAUFFEURS, TEAMSTERS                      :
WAREHOUSEMEN AND HELPERS                   :
LOCAL NO. 443 and O&G                      :
INDUSTRIES, INC.,                          :
    Defendants.                             :

### **MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT**

In this action, plaintiff Gerald Hughes asserts that defendants O&G Industries, Inc. and the Chauffeurs, Teamsters, Warehousemen and Helpers, Local No. 443 breached Section 301 of the Labor Management Relations Act.  Defendants move jointly for dismissal of this action on the basis of the statute of limitations.  On February 18, 2010, this Court converted the motion to dismiss into one for summary judgment.

### **BACKGROUND**

The following undisputed facts are established by the pleadings and evidentiary materials attached thereto.

Plaintiff was a member of Local No. 443 and an employee of O&G Industries. His employment was governed by the collective bargaining agreement negotiated between the Local No. 443 and O&G.

In November 2007, plaintiff was discharged from his employment.  He grieved his discharged, and Local No. 443 pursued the grievance to arbitration.  The arbitrator awarded plaintiff to be reinstated.

In November 2008, plaintiff was subsequently laid off from his employment.  The Union refused to take action under the collective bargaining agreement to challenge his

lay-off and the failure to hire him at O&G's site in Middletown, Connecticut.  On January 9, 2009, without representation from Local No. 443, plaintiff filed his charge with the National Labor Relations Board ("NLRB").  The NLRB found the charge unwarranted because the "investigation failed to establish that, upon [plaintiff's] lay-off from the Hamden Connecticut job site, Employer unlawfully failed to hire [plaintiff] at its Middletown, Connecticut job site. . . ."

After the NLRB ruled against plaintiff, Local 443 refused to take an appeal on behalf of plaintiff.  On March 29, 2009, plaintiff undertook his own appeal pro se.  In denying the appeal, the General Counsel for the NLRB wrote:

> There is no evidence that the Employer violated the National Labor Relations Act when it failed to hire you at the Middletown jobsite.  The evidence established that under the terms of the collective bargaining agreement, seniority rankings are only effective within the jurisdiction of your home Local and are not a hiring factor in the jurisdiction of other Locals.  Therefore, the contract does not require the Employer to consider your seniority status with Local 443 when making hiring decisions for the Middletown jobsite, which falls within the jurisdiction of Local 559.

On July 21, 2009, plaintiff filed this cause of action, alleging that Local 443 and O&G have engaged in a continuing course of conduct designed and intended to deprive plaintiff of employment since November 2008.[1]

## DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The burden is on the

---

[1] The parties reference July 20, 2009 as the filing date.  However, the Court's CMECF system indicates that the complaint was filed on July 21, 2009.

moving party to demonstrate the absence of any material factual issue genuinely in dispute.  American International Group, Inc. v. London American International Corp., 664 F. 2d 348, 351 (2d Cir. 1981).  In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper."  Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute.  American International Group, Inc., 664 F.2d at 351.  In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party.  Anderson, 477 U.S. at 255.

If a nonmoving party has failed to make a sufficient showing on an essential element of his or her case with respect to which he or she has the burden of proof, then summary judgment is appropriate.  Celotex Corp., 477 U.S. at 323.  If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met.  Anderson, 477 U.S. at 249.

The parties agree that plaintiff asserts a hybrid Section 301 claim.  A hybrid Section 301 claim involves an alleged breach of a collective bargaining agreement by an employer and an alleged breach of the duty of fair representation by a union.  DelCostello v. Int'l Brotherhood of Teamsters, 462 U.S. 151, 164 (1983).  In order to prove a breach of the duty of fair representation, an employee must prove that in the

grievance process the union acted arbitrarily, discriminatorily or in bad faith.  Vaca v. Sipes, 386 U.S. 171, 190 (1967).  Claims under Section 301 are subject to a six-month statute of limitations period, which runs from the time that the employee knew or should have known of the union's breach.  Cohen v. Flushing Hosp. & Med. Ctr., 68 F.3d 64, 67 (2d Cir. 1995).

A breach of duty by the union is apparent at the time the member learns of the union action or inaction.  Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 161 (2d Cir. 1989).  In this instance, it is undisputed that plaintiff knew that Local 443 did not support his position that he had an action pursuant to the collective bargaining agreement when filed his charge with the NLRB on January 9, 2009.  No evidence suggests that a subsequent event occurred that could constitute another independent breach by Local 443.  Accordingly, the statute of limitations ran from January 9, 2009 to July 9, 2009.  Therefore, plaintiff's cause of action had accrued prior to plaintiff's commencing this lawsuit on July 21, 2009.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the motion for summary judgment converted from the motion to dismiss [doc. #8].  The clerk is instructed to close this case.

_____/s/_____
Warren W. Eginton
Senior U.S District Judge

Dated this 8th day of April 2010, at Bridgeport, Connecticut.